## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

| | |
|---|---|
| SARAH MOFFITT )<br>)<br>Plaintiff )<br>)<br>)   CASE NO. 5:22-CV-103-BJB<br>v. )<br>)   ***ELECTRONICALLY FILED***<br>LOWE'S HOME CENTERS, LLC, )<br>)<br>Defendant )<br>) | |

### NOTICE OF REMOVAL

Defendant, Lowe's Home Centers, LLC, by counsel, hereby removes this action from Calloway Circuit Court, in Murray, Kentucky, to the United States District Court for the Western District of Kentucky pursuant to §§ 1332, 1441, and 1446 of Title 28 of the United States Code.

1. Plaintiff, Sarah Moffitt, commenced this action on or about February 23, 2022, by filing her Complaint in the Calloway Circuit Court, Civil Action No. 22-CI-00055. Defendant Lowe's was served with a copy of the Complaint on or about March 1, 2022. [*See*, Complaint, attached hereto as Exhibit 1.]

2. Pursuant to an Agreed Order entered on Lowe's motion for a more definite statement, Plaintiff served an Amended Complaint on June 15, 2022. [*See*, Agreed Order Requiring More Definite Statement, attached hereto as Exhibit 2; Amended Complaint, attached hereto as Exhibit 3.]

3. Pursuant to her Amended Complaint, Plaintiff alleges that on March 3,

1

2021, she fell to the ground due to holes in the concrete walkway at the Lowe's store located on 1400 Lowe's Drive, Murray, Kentucky and suffered personal injuries. [Amended Complaint, Ex. 3, at ¶¶ 7, 8.]

4. Defendant filed its Answer to Plaintiff's Amended Complaint on June 27, 2022. [*See*, Answer to Amended Complaint, attached hereto as Exhibit 4.]

## TIMELINESS OF REMOVAL

5. Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

6. Pursuant to 28 U.S.C. § 1446(c), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action…."

7. On July 11, 2022, Plaintiff responded to Defendant Lowe's requests for admission. [*See*, Plaintiff's Answers to Defendant Lowe's Requests for Admission, attached hereto as Exhibit 5.] Counsel for Lowe's received Plaintiff's responses on July 11, 2022.

8. Plaintiff's responses to the requests for admission indicated for the first time that the amount in controversy in this matter exceeded $75,000.

9. This notice of removal is timely because less than thirty days have elapsed since Defendant Lowe's received Plaintiff's responses to Lowe's requests for

admission. Further, the notice of removal is timely because it is being filed less than one year after commencement of the action on February 23, 2022.

## VENUE

10. Venue for this removal action is proper pursuant to 28 U.S.C. § 1441 and Local Rules 3.1(b)(4) and 3.2(b) of the Joint Local Rules of Civil Practice because the Western District of Kentucky at Paducah is the United States District Court for the district and division embracing the place wherein the state court action was pending.

## DIVERSITY OF CITIZENSHIP

11. This is a civil action in which there is complete diversity of citizenship between plaintiff and defendant. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because it could have been filed in this Court under 28 U.S.C. § 1332.

12. Plaintiff is an individual who is a citizen and resident of Calloway County, Kentucky. [Amended Complaint, Ex. 3, at ¶ 1.]

13. Defendant, Lowe's Home Centers, LLC, is and was at the time of the filing of the complaint a foreign limited liability company whose sole member is a corporation which was incorporated in North Carolina with a principal place of business in North Carolina. Accordingly, Lowe's Home Centers, LLC is not a citizen of Kentucky. [Amended Complaint, Ex. 3, at ¶2.]

## AMOUNT IN CONTROVERSY

14. On July 7, 2022, Lowe's served Plaintiff with written discovery that included requests for admission, interrogatories, and requests for production regarding the injuries and damages sought by Plaintiff. [*See*, Notice of Service of

Discovery Requests, attached hereto as Exhibit 6.]

15. On July 11, 2022, Defendant Lowe's received Plaintiff's responses to Lowe's requests for admission. In response to Lowe's requests for admission, Plaintiff stated that she will seek more than $75,000 from the jury:

> REQUEST NO. 1: Admit that the total amount in controversy in this matter does not now, and never will, exceed $75,000.00, exclusive of interests and costs.
>
> RESPONSE: Deny
>
> REQUEST NO. 2: Admit that you will never accept or ask a jury for damages in this matter exceeding $75,000.00, exclusive of interest and costs.
>
> RESPONSE: Deny

[*See*, Plaintiff's Answers to Requests for Admission, Ex. 5.]

16. Plaintiff denied that she would not seek less than $75,000. Such denials of a request for admission phrased in the negative are competent proof establishing the amount in controversy. *Powel v. Wal-Mart Stores, Inc.*, Civil Action no. 14-155-HRW, 2015 WL 2063966, at 2-3 (E.D. KY. Apr. 30, 2015); *see also Murchinson v. Progressive Northern Ins. Co.*, 564 F.Supp.2d 1311, 1341(E.D. Okla. 2008) (finding that plaintiff's denial of a request for admission that she would not seek damages in excess of the jurisdictional minimum to be the first paper from which removability could have been ascertained); *Freeman v. Witco, Corp.*, 984 F.Supp. 443, 447 (E.D. La. 1997) (finding same); *McLain v. Am. Int'l Recovery, Inc.*, 1 f.Supp.2d 628, 631 (S.D. Miss 1998) (finding removal proper "[i]f the plaintiff denies [a] request" to admit "that his damages do not exceed $75,000").

17. Pursuant to her Amended Complaint, Plaintiff sought recovery for alleged "temporary and permanent injuries," past and future "medical expense," past

and future "physical and mental pain and anguish" past and future "[loss] of the enjoyment of life" past and future loss of her ability to perform household tasks, and past and future "aggravate[ion] [of] per-existing conditions". [*See*, Amended Complaint, Ex. 3, at ¶ 16.]

18. Given the alleged nature and extent of Plaintiff's injuries and Plaintiff's response to Defendant Lowe's requests for admission, the preponderance of available evidence indicates that the alleged damages in this case exceed $75,000 exclusive of interests and costs, thereby satisfying the amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a).

## OTHER MATTERS

19. Pursuant to 28 U.S.C. § 1446(a), all other pleadings, process, and orders served on and by the removing defendant in the state action are attached to this notice of removal as Exhibit 7.

20. In compliance with 28 U.S.C. § 1446(d), notice of filing of this notice of removal is being filed with the Circuit Court for Calloway County, Kentucky.

21. Defendant Lowe's is serving all other parties with written notice of the removal of this action.

22. This case is being removed subject to and without waiver of any challenges that Defendant Lowe's may have as to any claims or defenses that may be available to it.

Respectfully submitted,

STEPTOE & JOHNSON PLLC

*/s/ Greg A. Jackson*
Laura L. Mays
Greg A. Jackson
100 West Main Street, Suite 400
Lexington, Kentucky 40507
859.219.8226 (t) / 859.255.6903 (f)
Greg.Jackson@steptoe-johnson.com
COUNSEL FOR DEFENDANT
LOWE'S HOME CENTERS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of August 2022, a copy of the foregoing *Notice of Removal* was filed electronically with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and U.S. Mail, postage prepaid. Parties may access this filing through the Court's system:

William C. Adams III.
Attorney at Law
291 Main Street; P.O. Box 1419
Murray, Kentucky 4207-1419
*Counsel for Plaintiff*

*/s/ Greg A. Jackson*
COUNSEL FOR DEFENDANT
LOWE'S HOME CENTERS, LLC